UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MCDONALD, | No. 2:24-cv-2167-SCR |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

1 performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Factual Allegations of the Complaint

While an inmate at the California Health Care Facility ("CHCF") in Stockton, California, plaintiff lost his prison job as a porter in retaliation for filing a lawsuit against a correctional officer.  Plaintiff specifically alleges that Sergeant Morano told him on two separate occasions to be a "good man" and a "team player" by dropping his lawsuit against the correctional officer.  Finally, on July 14, 2024, Sergeant Morano issued plaintiff a false disciplinary report in the form of a 128 Counseling Chrono that resulted in plaintiff's removal from his prison job and also adversely affects his chance at being paroled.

Plaintiff also alleges that Correctional Officer Chaves, whom he sued in a different civil

rights lawsuit, defamed and harassed him in violation of state law. According to plaintiff, C.O. Chaves is racist and has requested other CDCR officials to threaten other inmates who are African American or who have filed lawsuits against correctional officers.

In a separate claim, plaintiff contends that CHCF Warden, Gena Jones, has threatened to retaliate against other inmates in order to protect C.O. Chaves.

Plaintiff also names Governor Gavin Newsom as a defendant in this action for continuing a policy of keeping African Americans as slaves. Governor Newsom is also conspiring with Sergeant Morano, and C.O. Chaves to violate plaintiff's constitutional rights.

The complaint also indicates that another CHCF Inmate by the name of Dennis is violating plaintiff's First Amendment rights by retaliating against him.

Part of the complaint challenges plaintiff's criminal conviction and describes an incomplete and biased psychiatric evaluation review process prior to plaintiff's last parole suitability hearing.

By way of relief, plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief. Plaintiff also requests that he be released from serving his criminal sentence.

III.   Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid First Amendment retaliation claim against defendant Morano.

IV.   Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief against defendants Newsom, Jones, Chaves, or Inmate Dennis. First, with respect to the claims against Governor Newsom and Warden Jones, plaintiff sues them in their supervisory capacity which is not a basis for liability in this civil rights action. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link

between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Although plaintiff has sued C.O. Chaves in another lawsuit, he has not adequately alleged any constitutional violation committed by this officer in this complaint. To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between C.O. Chaves and the remaining defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). He has not alleged any such facts in this complaint. Plaintiff may not proceed with any supplemental state law claims against defendant Chaves because he has not indicated that he complied with the California Government Claims Act. Under California law, in order to state a tort claim against a public entity or public employee under state law, a plaintiff must allege compliance with the presentment of claims requirements of the California Government Claims Act. See Cal. Gov't Code §§ 945.4; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

The allegations against Inmate Dennis are not cognizable in this civil rights lawsuit because plaintiff does not allege that this inmate is a state actor. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021). His allegations against Inmate Dennis do not meet this standard.

Plaintiff also generally alleges that the state prison system constitutes indentured servitude in violation of the Thirteenth Amendment. Although the Thirteenth Amendment prohibits slavery and involuntary servitude, it explicitly exempts forced labor imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. The Thirteenth Amendment does not apply where prisoners are required to work in accordance with prison rules. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam). Therefore, the allegations in the complaint do not allege a

Thirteenth Amendment violation against any named defendant.

To the extent that plaintiff is challenging his criminal conviction or his parole denial, these claims are only capable of being raised in a habeas corpus petition. See Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (describing "core" habeas claims as distinguished from those claims properly raised in a civil rights action). A civil rights complaint is not the appropriate procedural vehicle for challenging a criminal conviction issued by a state court.

It appears to the court that plaintiff may be able to allege additional facts to fix the problems identified in this screening order. Therefore, plaintiff has the option of filing an amended complaint.

V.   Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendant Morano on a First Amendment retaliation claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss the remaining defendants and claims. The court will proceed to immediately serve the complaint and order a response from defendant Morano.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV above against the remaining defendants. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.   Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have a choice to make. You may either (1) proceed immediately on your First Amendment retaliation claim against defendant Morano and voluntarily dismiss the other claims and defendants; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See

////

Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's claims against defendants Newsom, Jones, Chaves, and Inmate Dennis do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his First Amendment retaliation claim against defendants Morano as set forth in Section III above, or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Newsom, Jones, Chaves, and Inmate Dennis.

DATED: May 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. MCDONALD,<br><br>             Plaintiff,<br><br>      v.<br><br>GAVIN NEWSOM, et al.,<br><br>             Defendants. | No.  2:24-cv-2167-SCR<br><br>NOTICE OF ELECTION |

        Check one:

_____ Plaintiff wants to proceed immediately on his First Amendment retaliation claim against defendant Morano without amending the complaint.  Plaintiff understands that by choosing this option, the remaining defendants and claims will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                                                                              _____
                                                                              Jeffrey D. McDonald
                                                                              Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Linkage Requirement

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a

1  constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks
2  and citation omitted).
3      The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
4  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
5  in another's affirmative acts or omits to perform an act which he is legally required to do that
6  causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th
7  Cir. 1978) (citation omitted).  To state a claim for relief under § 1983, plaintiff must link each
8  named defendant with some affirmative act or omission that demonstrates a violation of
9  plaintiff's federal rights.
10     B.  Retaliation
11     "Within the prison context, a viable claim of First Amendment retaliation entails five
12 basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)
13 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
14 exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
15 correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).
16 Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351
17 F.3d 1283, 1288 (9th Cir. 2003).  A prison transfer may also constitute an adverse action. See
18 Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and
19 destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate
20 grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison
21 transfer and double-cell status can constitute a cause of action for retaliation under the First
22 Amendment).